# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0601** (Nicholas County 15-F-86)

**Christopher Lane Rose,**
**Defendant Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christopher Lane Rose, by counsel Mark D. Hudnall, appeals the Circuit Court of Nicholas County's May 27, 2016, order sentencing him to an aggregate term of incarceration of four to twenty-five years following his conviction of three counts of first-degree sexual abuse and one count of obtaining services by false pretense. The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in sentencing him to a term of supervised release of fifty years.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, petitioner was indicted on charges of first-degree sexual abuse, attempted second-degree sexual assault, two counts of second-degree sexual assault, identity theft, and obtaining money, property, or services by false pretense.

In March of 2016, petitioner entered a *Kennedy* plea, pursuant to an agreement with the State, whereby he pled no contest to three counts of first-degree sexual abuse and one count of obtaining services by false pretense.[1] The remaining charges were dismissed. During the plea hearing, the circuit court questioned petitioner as to his understanding that he could be sentenced to up to fifty years of supervised release, which he acknowledged. Prior to sentencing, the State argued that petitioner had a history of sexual abuse against other victims that were not at issue in the current criminal proceeding. Petitioner remained silent at sentencing, but disputed what he

---

[1]*See* Syl. Pt. 1, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987) ("An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.").

1

described as the State's reliance on anonymous, uncorroborated allegations of other victims. However, the circuit court explicitly stated that, in rendering its sentence, it was considering only the specific facts of the case and was "not considering any anonymous accusations." Ultimately, the circuit court sentenced petitioner to consecutive terms of one to five years for each count of first-degree sexual abuse and one to ten years for the lone count of obtaining services by false pretense. The circuit court also imposed a term of fifty years of supervised release. It is from the sentencing order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the proceedings below.

We have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 2, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009). Here, petitioner does not allege that his sentence is outside the bounds of the applicable statute.[2] It is undisputed that West Virginia Code § 62-12-26(a) provides that

> [n]otwithstanding any other provision of this code to the contrary, any defendant convicted after the effective date of this section of a violation of section twelve, article eight, chapter sixty-one of this code or a felony violation of the provisions of article eight-b, eight-c or eight-d of said chapter shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years . . . ."

It is further undisputed that petitioner was convicted, in part, upon violations of West Virginia Code § 61-8B-7. Although petitioner alleges that the circuit court based its sentence on an impermissible factor, namely consideration of uncorroborated accusations of past crimes, the record shows that the circuit court explicitly stated that such allegations did not form the basis of its sentence. Indeed, the circuit court was clear that petitioner's actions in the present matter were the sole basis of its sentencing determination. Thus, petitioner's sentence, including the imposition of supervised release, is not subject to appellate review.

---

[2]On appeal, petitioner raises no assignment of error concerning the terms of his incarceration. He only alleges error in the imposition of supervised release.

For the foregoing reasons, the circuit court's May 27, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker